IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **ARMIJEAN PEOPLES,** ) | |
| ) | |
| Plaintiff, ) | CASE NO. 21-536 |
| ) | |
| v. ) | JURY TRIAL REQUESTED |
| ) | |
| **THE SELMA HOUSING AUTHORITY,** ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

**COMES NOW** the Plaintiff, Armijean Peoples, by and through her undersigned counsel of record, and hereby files this her complaint and avers against the above-named Defendant, as follows:

### I. JURISDICTION & VENUE

1. Plaintiff Peoples files this Complaint, institutes these proceedings, and invokes the jurisdiction of this Court under and by virtue of 28 U.S.C. §§ 1331, 2201, and 2202, as an action arising under the act of Congress known as The Age Discrimination in Employment Act (29 U.S.C. § 621, et seq.) to obtain equitable relief, the cost of suit, including reasonable attorneys' fees, and awards of back pay and damages suffered by the Plaintiff, caused by the Defendants' discrimination against Plaintiff.

2. Plaintiff Peoples filed a charge of discrimination with the EEOC in Birmingham, Alabama on approximately June 11, 2020 and in so doing referred to her previous charge of discrimination dated June 14, 2019, as primary evidence for her June 11, 2020 charge of discrimination.  Plaintiff received a right-to-sue on

September 13, 2021, giving Plaintiff the right to pursue this claim in federal court for 90 days after said receipt, or until December 12, 2021.  (Exhibit A).

3. Venue is proper in the Northern Division of the Southern District of Alabama, since the alleged discriminating action of Defendant occurred in Dallas County, Alabama.

## II.  PARTIES

4. The named Plaintiff, Armijean Peoples (hereinafter "Plaintiff" or "Ms. Peoples"), is a citizen of the United States and a resident of Selma, Alabama.  Plaintiff is over the age of nineteen years.

5. The Defendant, Selma Housing Authority (hereinafter "Defendant" or "SHA"), is an entity that provides public housing in Selma, Alabama.  At all times relevant to this complaint, Plaintiff was employed, and she continued to be employed by Defendant until May 21, 2020.

## III.  STATEMENT OF FACTS

6. Ms. Peoples is a sixty (60) year old female.  On or about October 1998, Ms. Peoples began working for SHA and worked in the following positions: an occupancy specialist, complex manager, public housing coordinator, interim executive director and thereafter public housing coordinator.

7. In August 2018, the Board of the Selma Housing Authority hired Kennard Randolph, a 33-year-old to be Executive Director of the Selma Housing Authority.  At that time Ms. Peoples returned to her position as Public Housing Coordinator.

8. After his hiring in August, 2018, the much younger Mr. Randolph stated to Ms. Peoples and others that he didn't want to hear about how things were done in the

past, but that he wanted everything to be new. Those words and phrases were code words for the age discrimination the Selma Housing Authority, through Mr. Randolph, was practicing.

9. From the very beginning of Mr. Randolph's tenure, he was very rude and disrespectful towards Ms. Peoples, often throwing around threatening comments that he could fire her at any time.

10. As further evidence of age discrimination and reflecting a pattern and practice of the same, Mr. Randolph terminated older employees without proper due process and replaced those positions with younger staff. Mr. Randolph also sent out age discrimination signals by the way he compliments younger workers, but unfairly criticized older employees, including Ms. Peoples.

11. On June 14, 2019, Ms. Peoples filed an EEOC charge against the Selma Housing Authority on the basis of age discrimination. The EEOC investigated her charge and issued a right-to-sue, received on November 28, 2019.

12. In December of 2019, the Plaintiff decided not to file suit for age discrimination, which was communicated to SHA.

13. Therefore, Mr. Randolph often spoke to Ms. Peoples in a very demeaning tone, especially when she would ask questions during meetings. On one occasion, during a January 23, 2020, meeting in the board room with all the managers, Mr. Randolph told Ms. Peoples to "shut up" and stated that if she could not listen to him she could "get up and walk out." Mr. Randolph was very demeaning to her and did not treat other employees this way.

14. In that same month, Mr. Randolph refused to send Ms. Peoples to training in Bowling Green, Kentucky, even though all other employees were sent to training, all of whom were younger than Ms. Peoples.

15. In March 2020, prior to scheduled leave for surgery, Mr. Randolph requested that Ms. Peoples train a newly hired employee. Mr. Randolph often told me it was my responsibility to train the complex managers and ensure that they were performing their jobs well.  However, Ms. Peoples was not included in any of the hiring process, and some of the key training issues had been as result of the lack of basic skill of the individuals hired.  It was hard, if not impossible, for Ms. Peoples to teach basic math skills to individuals. In addition, Ms. Peoples was not allowed to terminate or discipline these employees, which made it even more difficult for her to garner respect from the employees.

16. On or about May 1, 2020, Mr. Randolph requested information from Retirement System of Alabama ("RSA") regarding Ms. Peoples' retirement information. Although Ms. Peoples was close to retirement age, she had no intention of retiring anytime soon, so it was highly unusual that Mr. Randolph requested this information from RSA.

17. On May 5, 6, and 19, 2020, Ms. Peoples was accused of engaging in "abusive conduct" toward a fellow employee, namely Retha Smith.  Ms. Smith allegedly accused her of creating a hostile work environment. The allegations were absolutely false, as Ms. Peoples tried to train Ms. Smith to the best of her ability. Nonetheless, as a result, Ms. Peoples was terminated by Mr. Kennard from her employment with the Selma Housing Authority on May 21, 2020.

18. The Selma Housing Authority's proffered reason for Ms. Peoples termination is pretextual. Ms. Peoples did not create a hostile environment for Ms. Smith, and other complex managers also had difficulty training Ms. Smith.  Thereafter, Ms. Peoples filed for unemployment and prevailed on her unemployment compensation in a hearing before an Administrative Hearing Officer, which was held on July 6, 2021, at which Mr. Randolph testified. The Administrative Hearing Officer rendered her decision on July 12, 2021 which decision became final on July 27, 2021.

19. Based on the foregoing, Ms. Peoples avers that the termination was grossly in retaliation for having filed an EEOC charge against SHA on June 14, 2019. Ms. Peoples further avers that her termination is a continuation of the age discrimination. As a result of the discrimination and retaliation, Ms. Peoples has lost income, and incurred costs and attorney fees.

20. Further, Ms. Peoples claims that the age discrimination practiced against her by the Defendant was willful and/or that the Defendant knew that or showed reckless disregard for the issue as to whether its conduct violated or was prohibited by the age discrimination in the Employment Act.

## IV.  PLAINTIFF'S CAUSES OF ACTION
## COUNT ONE – AGE DISCRIMINATION

21. Plaintiff repeats, realleges and incorporates by reference paragraphs 1 through 20 above, the same as if more fully set forth herein, and further avers that the Defendant's actions toward her, including the unlawful age discrimination against her, violated Plaintiff's rights under the Age Discrimination in Employment Act (29 U.S.C. § 621, et seq.), and in violation of the Alabama Age Discrimination Act.

22. As a proximate cause of Defendant's afore-described actions of unlawful age discrimination against Plaintiff, the Plaintiff was injured and damaged, as set forth in paragraphs 1 through 20 above including lost pay in the amount of approximately $90,000, future loss of pay, and punitive damages.

23. Plaintiff avers that she has pursued and exhausted her administrative remedies.

## PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff respectfully prays that this Court grant the following relief:

a) A declaratory judgment declaring that the Defendant has unlawfully discriminated against the Plaintiff due to her age by terminating her employment;

b) An award of punitive damages, due to the egregious nature of Defendant's wrongdoing, including double the amount of Plaintiff's loss of pay.

c) An award of all court costs and reasonable attorneys' fees, including those incurred for seeking administrative relief;

d) Such further, other and different relief as the Court may deem appropriate and necessary, including reinstatement of her employment.

## COUNT TWO - RETALIATON

24. Plaintiff repeats, realleges and incorporates by reference paragraphs 1 through 26 above, the same as if more fully set forth herein, and further avers that the Defendant's actions toward her, including the unlawful retaliation against her, violated Plaintiff's rights under the Age Discrimination in Employment Act (29 U.S.C. § 621, et seq.), and in violation of the Alabama Age Discrimination Act.

25. As a proximate cause of Defendant's afore-described actions of unlawful retaliation against Plaintiff, the Plaintiff was injured and damaged, as set forth in paragraphs 1 through 23 above.

26. Plaintiff avers that she has pursued and exhausted her administrative remedies.

## PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff respectfully prays that this Court grant the following relief:

a) A declaratory judgment declaring that the Defendant has unlawfully retaliated against the Plaintiff by terminating her employment after she engaged in a statutorily protected activity;

b) An award of punitive damages, due to the egregious nature of Defendant's wrongdoing, including double the amount of the Plaintiff's loss of pay.

c) An award of all court costs and reasonable attorneys' fees, including those incurred for seeking administrative relief;

d) Such further, other and different relief as the Court may deem appropriate and necessary, including reinstatement of her employment.

## V. JURY DEMAND

Plaintiff hereby requests trial by jury on all issues so triable.

Respectfully submitted this 9th day of December, 2021.

Armijean Peoples, Plaintiff

Kenneth Shinbaum
Counsel for Plaintiff

**OF COUNSEL:**
Kenneth Shinbaum (SHI006)
McPhillips Shinbaum, LLP
516 South Perry Street
Montgomery, AL  36104
Telephone: (334) 262-1911
Facsimile: (334) 263-2321
kshinbaum@msg-lawfirm.com